UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:10-CR-00015-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| ELLIS KIRBY, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States

Magistrate Judge Hanly A. Ingram. [R. 81.] Defendant Ellis Kirby has been charged with one

violation of his supervised release for failure to use hydrocodone as prescribed by a physician.

*Id*. at 2.

Mr. Kirby was sentenced in this Court to ninety (90) months imprisonment for

distributing oxycodone and being in possession of a firearm in furtherance of a drug trafficking

offense. [R. 55.] He began his three-year term of supervised release on June 3, 2016. [R. 81 at

1.]

According to the Supervised Release Violation Report (the Report) issued by the USPO

on April 20, 2018, a probation officer inspected Mr. Kirby's medications during a home visit.

*Id*. at 2. Mr. Kirby had a prescription for hydrocodone, but the probation officer noted there

were only two tablets remaining where the prescription indicated eight tablets should be

remaining. *Id*. Mr. Kirby told the officer he had taken one tablet the night before, but a

contemporaneous urine sample tested negative for opiates. *Id*. The Report charges Mr. Kirby

with Violation #1 for violating Standard Condition #7 which prohibits him from use of any controlled substance "except as prescribed by a physician," a Grade C Violation. *Id*. at 2–3.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on May 9, 2018, the United States moved for interim detention, and Mr. Kirby argued for release. *Id*. at 3. Judge Ingram found Mr. Kirby met the burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), and denied the United States' motion. *Id*.

Judge Ingram held a final revocation hearing on May 22, 2018, where Mr. Kirby competently entered a knowing, voluntary, and intelligent stipulation to the violation. *Id*. In particular, Mr. Kirby admitted he had taken hydrocodone more frequently than the prescribed one tablet every six hours. *Id*. The Government recommended Mr. Kirby's release be revoked and he serve six (6) months of incarceration, followed by three (3) years of supervised release. *Id*. at 4. Mr. Kirby argued against revocation, requesting only an additional year of supervision. *Id*. Additionally, Mr. Kirby called Donna Sue Denney to testify he was taking the pills himself, not distributing them to others. *Id*. Subsequently, Judge Ingram prepared a Report and Recommendation which evaluates the relevant 18 U.S.C. § 3553 factors.

With Mr. Kirby's criminal history category of I and a Grade C violation, Judge Ingram calculated his Guidelines Range to be three (3) to nine (9) months. *Id*. Although this is the first request from USPO to revoke Mr. Kirby's release, the Government indicated he had been arrested for public intoxication and had not reported that arrest. *Id*. at 5. Additionally, USPO discovered he had failed to report a new prescription for a controlled substance. *Id*. The Government argued that the inability to account for his hydrocodone pills was a serious breach of the Court's trust when Mr. Kirby had previously been convicted of opioid distribution. *Id*. Counsel for Mr. Kirby underscored that revocation is not mandatory in this case, and argued the

increased term of supervised release, even beyond the year requested, would be an adequate deterrent to Mr. Kirby's behavior. *Id.*

After consideration of the nature and circumstances of Mr. Kirby's conviction, as well as his history and characteristics, Judge Ingram found revocation to be appropriate in this case. *Id.* at 8. Mr. Kirby's criminal history, though minimal, includes distribution of opioids and use of a firearm in that distribution, both dangerous activities. *Id.* at 6. Furthermore, his previous incidents with violations suggest that one weekend of confinement was not enough to encourage compliance with his terms of release. *Id.* However, this violation is still relatively minor, and no evidence was presented to suggest he had reverted to distribution of hydrocodone. *Id.* at 7. Mr. Kirby has a legitimate prescription to control pain from his diagnosed arthritis, but he must follow the prescribed dose more strictly. *Id.* Because of this, Judge Ingram recommended incarceration, but a downward departure from the Guidelines Range: a term of one (1) month imprisonment with an additional three (3) years of supervision upon release. *Id.* at 7–8.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Mr. Kirby instead has filed a waiver of his right to allocution. [R. 83-1.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and

recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1.    The Hearing scheduled for June 26, 2018, [**R. 82**] is **CANCELLED**;

2.    The Report and Recommendation [**R. 81**] as to Defendant Ellis Kirby, is **ADOPTED** as and for the Opinion of the Court;

3.    Mr. Kirby is found **GUILTY** of Violation #1;

4.    Mr. Kirby's Supervised Release is **REVOKED**;

5.    Mr. Kirby is hereby sentenced to a term of incarceration of **one (1) month**;

6.    Upon completion of the term of incarceration, Mr. Kirby is hereby sentenced to a term of supervised release of **three (3) years** under the conditions previously imposed; and

7.    Judgment shall enter promptly.

This the 11th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge